MALCOLM E. STECK, PROSECUTOR, v. BOARD OF EDUCATION OF THE CITY OF CAMDEN, RESPONDENT.

Submitted May 7, 1940—Decided October 8, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the proscutor, *Meyer L. Sakin.*

For the respondent, *John J. Crean* and *William J. Shepp.*

, BROGAN, CHIEF JUSTICE. The prosecutor of this writ, a teacher in the public schools of the city of Camden, has a rule to show cause why a peremptory writ of *mandamus* should not issue to compel the Board of Education of the city of Camden to pay him a sum of money which represents reductions in his salary made without authority of law for the "school" years 1937 and 1938. The pertinent facts and exhibits appear in the return by stipulation of the parties.

Prior to the year 1937 deductions in varying amounts had been made in the salaries of the teachers of Camden under and by virtue of chapter 12 of the laws of 1933, and statutes of like import. In other words, this emergency legislative authority to reduce salaries of teachers, &c., was extended from year to year up to 1936, the last such statute having been passed in that year (chapter 27, page 42). Thereafter no legislative authority was extant to reduce salaries as theretofore, the several statutes having spent themselves by limitations stated in each of them. Nonetheless deductions were ordered for 1937 and again for 1938 by resolutions of the Board of Education. The teachers affected protested and filed complaint with the Commissioner of Education asking that these resolutions be annulled. The commissioner held that the Board of Education was without authority to reduce the salaries of tenure teachers such as relator, subsequent to July 1st, 1937, and that any resolution of the Board of Education to that effect was invalid. The State Board of Education affirmed and our Supreme Court, having allowed *certiorari,* likewise found the resolutions passed to accomplish these salary reductions for the years 1937 and 1938 invalid. (*Cf. Steck* v. *Board of Education of the City of Camden,* 123 *N. J. L.* 158.) The Court of Errors and Appeals affirmed the judgment of the Supreme Court (*Cf. Steck* v. *Board of Education of the City of Camden,* 124 *Id.* 132).

The respondent, in resistance to the prosecutor's application, argues in its brief, (1) the Board of Education had no authority to do the acts sought to be commanded, *i. e.,* raise funds to reimburse the teachers for these unlawful deductions; (2) the rule is not directed to the disbursing officer and the Board of Education as such has no authority

to pay out money; (3) the relator has received money in prior years in excess of the amount to which he was then entitled and the Board of Education should be permitted to set-off such amount in the suit for salary; (4) the tenure rights of relator, the amount of his contractual salary, or the amount due him have not been determined in a prior litigation and are not *res judicata;* (5) the amount of relator's claim has not been fully determined and his right is not indisputably clear, and (6) the relator has not exhausted the remedies provided by the school law.

Under the first point it is said that the rule to show cause is directed to the Board of Education of the city of Camden and that under it the prosecutor asks a peremptory *mandamus* "commanding and enjoining the Board of Education of the city of Camden to make an assessment, levy and collection of and to appropriate and pay to the prosecutor a sum * * * of money" sufficient to reimburse the prosecutor for the amount deducted by virtue of the two mentioned resolutions. The argument is that the Board of Education cannot make an assessment or levy and cannot collect or appropriate money; that therefore it cannot obey the mandate of such a writ. The Board of Education does not say that it has not the money but rests its argument on the fact that by the wording of the rule a writ is sought carrying the mandate that the board make an assessment, &c., which it says it has no power to do. The Board of Education, however, may borrow against its appropriation for an ensuing year and it may include, in its next application for funds to the Board of School Estimate, the amount so borrowed. *R. S.* 18 :6-58.

The stipulation of facts shows that Mr. Steck, in 1936, was paid a salary of $2,800 a year by the Board of Education, which salary apparently still obtains. That compensation was illegally reduced by a definite sum (*i. e.,* ten per cent.) in 1937 and again (by five per cent.) in 1938. The amount due is clear, liquidated, undisputed, and the ability of the Board of Education to pay it is unrestricted.

The next point—that the rule is not directed to the disbursing officer—has no substance. The disbursing officer pays

out the moneys on the order of the Board of Education, whose agent he is. *R. S.* 18:5-54.

The third point—that in previous years the prosecutor had received compensation in excess of that to which he was entitled and that the Board of Education should be permitted now to set-off such excess payment—cannot be considered at this time. The argument is that for some years prior to 1930 (beginning in 1923) the relator was employed at a fixed salary of $1,700 per annum, presumably until such time as he acquired a teacher's certificate, but that nonetheless he received certain increments of salary to which he was not entitled before he had received such teacher's certificate. The statute of limitations prevents the municipal body from raising that question at this time.

It is next said, under the fourth point, that the tenure rights of the relator and the amount due him under his contract are not *res judicata.* We think that they are. It seems to have been conceded in the prior litigation between these parties, attacking these resolutions, that the teachers in question (including this relator) had tenure. See *Steck* v. *Board of Education of the City of Camden, supra* (at *p.* 164). This court there said "* * * there is no question here as to respondent's [Steck's] contractual salary or as to his tenure." That finding concludes that fact.

The other points made—that his claim has not been fully determined and that the right is not indisputably clear—require no discussion because there is nothing in the state of case or the brief of the respondent that supplies any basis for this point. The claim of the relator is a matter of simple arithmetic. It is not disputed. The statement that the relator's right is not indisputably clear is a bare statement—nothing more. Our view is that the relator's right is indisputably clear. The resolutions that deprived him of his right were declared invalid by the two statutory tribunals set up by our school law to review matters of this kind. In turn this court and the Court of Errors and Appeals adjudged the resolutions invalid.

The final point—that the relator has not exhausted the remedies provided by the school law—is also without merit.

We know of no remedy under the school law which relator has not exhausted and the respondent points to none.

A peremptory writ of *mandamus* will issue, with costs.